IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CHARLENE STOVALL, | ) | Case No. 11-70974-TOM-13 |
| | ) | |
|     Debtor. | ) | |

| | | |
|---|---|---|
| CHARLENE STOVALL | ) | |
| | ) | |
|     Plaintiff, | ) | A.P. No. 11-00412-TOM |
| vs. | ) | |
| | ) | |
| SELECT PORTFOLIO SERVICING, | ) | |
| INC. AS SERVICER FOR DLJ | ) | |
| MORTGAGE CAPITAL, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION

This adversary proceeding came before the Court on April 2, 2012, for hearing on the Motion for Summary Judgment and the Motion to Strike filed by Select Portfolio Servicing, Inc. ("Select"). Appearing before the Court were plaintiff Charlene Stovall ("Stovall"), *pro se*; and Stephen B. Porterfield, counsel for Select. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

in 28 U.S.C. § 157(b)(2)(O).[2]  This Court has considered the pleadings, arguments, the evidence, and the law, and finds and concludes as follows.[3]

## FINDINGS OF FACT[4]

U.S. Bank National Association,[5] is the holder of an Adjustable Rate Note and Mortgage in favor of New Century Mortgage Corporation in the original amount of $193,500.00 and executed by Stovall on February 14, 2005.  According to Select's Motion for Summary Judgment (the "Motion"), supported by the Affidavit (the "Affidavit") of Jason Baker, Document Control Officer, Select began servicing the loan in June 2005 and has continued to do so since that time.[6]  At some point Stovall began to get behind on her payments and in February 2010, Select notified Stovall by letter of the possibility of modifying her mortgage under the Home Affordable Modification Program

---

[2] 28 U.S.C. §157(b)(2)(O) provides:

> (b)(2)Core proceedings include, but are not limited to–
> (O) other proceedings affecting the liquidation of the estate or the adjustment of the debtor-creditor . . . relationship . . . [.]

At the time this adversary proceeding was filed Stovall had a pending chapter 13 case and this was a core proceeding.  Stovall's bankruptcy case was subsequently dismissed but this Court retained jurisdiction pursuant to *Fidelity & Deposit Co. v. Morris (In re Morris)*, 950 F.2d 1531 (11th Cir. 1992).

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files.  *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5] U.S. Bank National Association, as Trustee, on behalf of the holders of the asset backed pass-through certificates, series NC 2005-HE4.

[6] Stovall brought this adversary proceeding against Select Portfolio Servicing, Inc. as Servicer for DLJ Mortgage Capital, Inc.  According to Select's Motion, New Century Mortgage Corporation assigned the mortgage to U.S. Bank, National Association, as trustee, and Select continues to service the mortgage on behalf of U.S. Bank.  It is unclear what role DLJ Mortgage Capital, Inc. plays with regard to the loan.

2

("HAMP"). Attached to the letter alerting Stovall to the modification possibility was a document entitled "Home Affordable Modification Trial Period Plan" setting out the terms to which Stovall had to agree in order to be considered for the modification, including making timely payments during a three month trial period. Select contends she did not timely make the payments and further, that she did not return all of the documents needed to process the application. Stovall was notified of the missing documentation by letter dated April 22, 2010. Select ultimately denied the HAMP modification as a result of the missing document and informed Stovall of the denial by letter dated June 21, 2010. Soon thereafter, on June 28, 2010, Select sent to Stovall a Demand Letter - Notice of Default. Select does not explain what happened between June 2010 and March 2011, except to say that Stovall failed to keep the loan current. Select sent two letters to her in March 2011 regarding options to avoid foreclosure, and on April 7, 2011, counsel for Select mailed to her notice of acceleration of the loan and notice of foreclosure sale.

In her Complaint, Stovall contends that in March 2010, Select did modify her loan and briefly lowered her payments to a "comfortable" amount. She further alleges that about a month or so later Select realized the payment amount was insufficient to cover escrow for taxes and insurance, and to fix the mistake, Select increased the payments by approximately $500.00. Stovall tried to pay the increased amount but fell behind again around three months later. Stovall argues that the modification process started over and remained pending for over ten months, and whenever she inquired about the status of the modification she was "told to be patient." According to Stovall, it was not until she received a notice of foreclosure in April 2011 that she was informed the modification had been denied because she had not returned all of the required documents. Stovall contends Select denied the modification in error since she had returned the missing document via

3

Case 11-70974-TOM13    Doc 86    Filed 05/18/12    Entered 05/18/12 14:00:05    Desc Main
Document    Page 3 of 15

fax pursuant to Select's request. Stovall further contends that thereafter Select agreed to reinstate her mortgage if she paid $3,000.00, but once she raised the money Select changed the amount to $6,000.00 which she could not pay.

Stovall filed her bankruptcy case on May 9, 2011. On October 13, 2011, a confirmation hearing was held on Stovall's amended chapter 13 plan and objections to confirmation by Select, Wells Fargo Dealer Services, Inc., and the chapter 13 Trustee. Stovall was in arrears with her chapter 13 plan payments and with her postpetition mortgage payments, but because she represented to the Court that she could pay $10,500.00 from money she expected to receive, confirmation was continued to November 3, 2011. Stovall failed to make the payment and thus the bankruptcy case was dismissed at the rescheduled hearing.

Stovall, who is an attorney, filed this adversary proceeding on her own behalf on November 2, 2011, only one day before the continued confirmation hearing. On November 3, 2011, a Summons and Notice of Pretrial Conference was issued, setting the pretrial conference for December 12, 2011. According to the Court's records as they appear on the CM/ECF system the Summons and Notice was emailed to Stovall at attycs@bellsouth.net, the email address Stovall provided to the Court when she filed the Complaint.[7] No certificate of service was filed despite the specific direction in Rule 7004 of the Federal Rules of Bankruptcy Procedure to do so. Nevertheless, it is safe to assume that Select was somehow aware of the Summons and Complaint since Select's counsel (i) filed an answer on December 2, 2011, and (ii) appeared at the December 12, 2011 pretrial

---

[7] Stovall claimed she had not been receiving notices of hearings. Even so, she could have kept informed about this adversary proceeding through other means. She had access to docket reports and other case information through the Bankruptcy Court's CM/ECF system. Court calendars are available on the Bankruptcy Court's website (www.alnb.uscourts.gov). As an attorney Stovall should be familiar with each of these resources.

4

conference. Unfortunately Stovall, despite being the plaintiff in this AP, did not appear at the hearing. Stovall neither notified the Court that she would not be attending, nor, according to the representation made by Select's counsel at the pretrial conference, did she notify him. At the pretrial conference this Court set a status conference for February 6, 2012, and notice was sent to Stovall at attycs@bellsouth.net.

The status conference was held on February 6, 2012 as scheduled and again Stovall did not appear. Select's counsel represented that Stovall had neither answered the discovery he served upon her nor did she appear at her scheduled deposition. This Court entered a scheduling order as requested by Select which gave Select until February 21, 2012 to file its Motion for Summary Judgment, gave Stovall until March 16, 2012 to file her response and/or cross motion for summary judgment, and set a hearing for April 2, 2012.[8] Stovall was served with notice of the deadlines and hearing date at attycs@bellsouth.net on February 10, 2012.[9] Select timely filed its Motion on February 20, 2012 but Stovall did not file her Memorandum in Opposition until March 18, 2012 - two days after the deadline set in the Order and Notice of Hearing. Select filed a Motion to Strike and Reply to Opposition to Motion for Summary Judgment on April 2, 2012. Stovall did attend the April hearing wherein she informed the Court that she missed the response deadline due to computer problems and illness.

---

[8] This Court originally planned to give Stovall until March 12, 2012 to file her response but pushed the date to March 16, 2012 to give her plenty of time to respond. *See* AP Doc. 8, audio recording of the February 6, 2012 status conference.

[9] Another notice of the hearing date was sent to Stovall at attycs@bellsouth.net. on February 21, 2012, after Select had filed its motion for summary judgment.

## CONCLUSIONS OF LAW

## MOTION TO STRIKE

Select asks this Court to strike Stovall's late-filed Memorandum in Opposition to Summary Judgment pursuant to Rule 7016 and grant its Motion for Summary Judgment as being unopposed.[10] Rule 7016 incorporates Rule 16 of the Federal Rules of Civil Procedure pursuant to which a court may hold pretrial conferences and issue scheduling and other pretrial orders setting deadlines for taking action in the adversary proceeding, including deadlines to complete discovery and to file motions. Subsection (f) of Fed. R. Civ. P. 16 allows sanctions against a party who does not comply with other portions of the Rule:

> (f) Sanctions
> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1)(A) - (C). Striking pleadings, motions or evidence is an often used sanction when a party has not complied with discovery deadlines in scheduling or other pretrial orders; however, Fed. R. Civ. P. 16 is not limited to violations of discovery deadlines. *See Budner v. Weiner (In re Weiner)*, 415 B.R. 900, 902 (Bankr. S.D. Fla. 2009) (striking without discussion a reply to a response to a motion for summary judgment filed two weeks after the briefing schedule deadline). In *Klausmeyer v. Tyner Law Firm, P.A.*, after the plaintiff filed an amended complaint the defendants

---

[10]All "Rule" references are to the Federal Rules of Bankruptcy Procedure. "Fed. R. Civ. P." references are to the Federal Rules of Civil Procedure.

filed a motion to strike, in part because the amended complaint was filed one month after the deadline in the court's scheduling order. *Klausmeyer v. Tyner Law Firm, P.A.*, No. 08-81286-CIV, 2009 WL 1833959, at *2 (S.D. Fla. June 25, 2009). The court determined that the defendants' motion to strike was due to be granted:

> [U]nder Rule 16 of the Federal Rules of Civil Procedure, district courts are required to "enter a scheduling order that limits the time to ... join other parties and to amend the pleadings ..." Fed.R.Civ.P. 16(b)[.] The scheduling order "control[s] the subsequent course of the action" unless modified by the court. Fed.R.Civ.P. 16(e). As noted by one court, the scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992) *quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Me.1985). A scheduling order may be modified only upon a showing of good cause. *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998). Here, Plaintiff has failed to show good cause. In fact, Plaintiff has failed to make any arguments justifying the late filing of the Amended Complaint.

*Id.*

Stovall filed her response only two days beyond the deadline - not a significant amount of time, but still past the deadline set in the pretrial order. As the *Klaudmeyer* court points out, a pretrial order is not a frivolous piece of paper that may be cavalierly disregarded but is meant to control the course of the action. To allow Stovall's late-filed response to the motion for summary judgment would ratify her disregard of this Court's Order, in effect allowing her to unilaterally modify the pretrial order without making any attempt to show good cause. It should be noted that the late-filed response to the summary judgment motion is not Stovall's only disregard of this Court's orders or the Rules for that matter. Not only did she fail to attend the pretrial conference but she failed to attend the subsequent status conference as well; on neither occasion did she convey to opposing counsel or the Court that she would not be attending. Stovall failed to provide responses

7

to the discovery propounded by Select. Stovall's late filed response is just another example of her disregard of this Court and the Rules. Thus, Select's Motion to Strike is due to be granted pursuant to Rule 7016.

Further, Stovall could have taken steps to have her Response considered by the Court despite its untimely filing. Rule 9006(b)(1) supplies a mechanism by which the court may, with some exceptions, extend filing deadlines imposed by the Rules, notices, or court orders.[11] Rule 9006(b)(1) provides:

> (b) Enlargement
> (1) In general
> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Thus, the Rule provides the possibility of extending a deadline to the diligent party who asks the court before the deadline expires. The Rule also provides a remedy for a party who misses a deadline due to excusable neglect. Under either circumstance an extension is not guaranteed but is allowed at the court's discretion. The recent decision *United States v. Goode (In re Goode)*, AP No. 11-8002, 2011 WL 2181044 (Bankr. W.D. La. June 2, 2011), illustrates the consequences for the party who misses a deadline without asking for an extension and without showing excusable neglect. In that case, the defendants filed an answer to the complaint two days after the deadline. The

---

[11] Rule 9006(b)(2) states that some deadlines may not be extended at all, while Rule 9006(b)(3) states that deadlines set by certain rules may be extended only as allowed in those rules.

8

plaintiff filed a motion to strike the answer as being late-filed and the defendants responded. The court granted the motion to strike and disallowed the answer because the defendants did not file a motion to allow a late filed pleading pursuant to Rule 9006(b)(1). The court noted that even if such a motion had been filed the defendants had not established the requisite excusable neglect:

> [T]he response to the Motion to Strike hardly shows excusable neglect, as it argues only that to strike the answer would be "inequitable," since counsel for the parties had discussed the matter, counsel for plaintiff did not warn defense counsel that the matter was urgent and a default would be entered, and that no Judgment has yet been entered. While these facts are relevant to the issue of the entry of default judgment, the response is not overwhelmingly convincing, as not a shred of law or reliance on the Federal Rules of Civil or Bankruptcy Procedure is provided to excuse the delay in pleading.

*Id.* at *1.[12] *See also Lynch v. I.R.S. (In re Lynch)*, 430 F.3d 600, 603 - 04 (2nd Cir. 2005) (no abuse of discretion by the district court in dismissing an appeal when the appellant late-filed a required document and did not establish excusable neglect for doing so).

Stovall is a practicing attorney and presumably has knowledge of procedural rules; at the very least she knows how to research them. She could have filed a motion pursuant to Rule 9006(b)(1) for this Court to consider her late-filed Response but for whatever reason she did not. It should be noted that even if a motion had been filed there is little evidence to suggest the late filing was due to excusable neglect.[13] Stovall blamed her late-filed response on computer problems and illness, which may have been the case, but these bare, unsupported allegations themselves are insufficient.

---

[12] However, to preclude the drastic remedy of a default judgment, the court's grant of the motion was without prejudice for the defendant to file a motion to allow a late filed answer. *Id.* at *2.

[13] Stovall was not attempting to show excusable neglect under Rule 9006(b)(1). Perhaps if she had been she would have provided sufficient detail for the Court's consideration. Regardless, to the extent Stovall's excuses could be construed as an attempt to establish excusable neglect, she failed to make the requisite showing.

9

Stovall had the opportunity - and as an attorney should have known - to file a Rule 9006(b)(1) motion for the Court to consider her Response but she did not. Therefore, the Defendant's Motion to Strike is due to be granted.

## MOTION FOR SUMMARY JUDGMENT

Stovall has asserted counts for (i) negligence, (ii) negligent and/or wanton hiring, supervision, and training, (iii) fraud, (iv) breach of contract, and (v) wrongful foreclosure. Select has moved for summary judgment as to all counts. Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure,[14] which provides that

> [a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56. The party moving for summary judgment has the burden of demonstrating the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 - 23 (1986). The court, in determining whether the movant met its burden of proof, must consider the evidence and view it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1986). When the movant satisfies its initial burden, the burden shifts to the non-moving party. *Miranda v. B&B Cash Grocery Store Inc.*, 975 F.2d 1518 (11th Cir. 1992). If the non-moving party has the burden of proof on the underlying claims and does not make a sufficient showing on an essential element of her case, there

---

[14] Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

will be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

Stovall's Response to the Motion for Summary Judgment has been stricken, thus Select's Motion for Summary Judgment is unopposed. Nonetheless, Select must still meet its burden of showing it is entitled to a judgment as a matter of law. *See Sheet Metal Workers' Union Local #441 Health and Welfare Fund, et al., v. Ace Fabrication, Inc., et al.*, No. 11-0191-WS-M , 2012 WL 170194, at *2 (S.D. Ala. Jan. 18, 2012) (*quoting Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)).

At the heart of each count of the Complaint is Stovall's contention that Select mishandled a mortgage modification that would have reduced her payments to a more affordable amount. According to the Complaint, Select had previously lowered Stovall's payments only to increase them again when it realized the escrow amounts for taxes and insurance had been inadvertently left out of the payments. She applied for a new modification and waited over ten months for it to be completed. Not until she received a foreclosure notice and contacted Select was she informed that the modification had been denied because of a missing document. Stovall contends the denial was yet another mistake since she had proof that she faxed the document as Select had requested. She claims she raised $3,000.00, the amount of money Select told her she would need to reinstate her mortgage, only to be told when she attempted to pay that she would need $6,000.00 instead. Stovall contends that due to Select's actions she has suffered financially and mentally and thus seeks damages through both tort and breach of contract claims.

11

**Count One - Negligence:**

In the first count of the Complaint Stovall alleges that Select breached its "duty to handle [her] mortgage with due care by giving timely, efficient, and correct information at all times" with regard to the mortgage. Select contends, however, that no such duty exists under either Alabama law or the Home Affordable Modification Program under which Stovall attempted to modify her loan. According to the Alabama Supreme Court, "a breach of a promise, outside a contract or a duty imposed by the common law, does not support a tort cause of action . . . ." *Armstrong Bus. Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 681 (Ala. 2001). Further, Select did provide information to Stovall regarding her mortgage. According to the Affidavit, the following notices were mailed to Stovall:

> 1. February 2, 2010, notice of the opportunity to modify her mortgage under HAMP.
> 2. April 22, 2010, notification that the modification could not be processed because certain required documents were missing.
> 3. May 20, 2010, notice that trial period payments were delinquent, and reminder that the modification could be denied if all of the payments were not received.
> 4. June 21, 2010, notice that the modification had been denied for failure to submit all of the required documents.
> 5. June 28, 2010, notice of default and amount needed to cure.
> 6. March 16, 2011, notice of loss mitigation programs.
> 7. March 30, 2011, additional notice of loss mitigation programs.
> 8. April 7, 2011, notice of acceleration of note and mortgage and notice of foreclosure sale set for May 10, 2011.
> 9. May 4, 2011, acknowledgement of bankruptcy filing.

Stovall has not made any allegations to support a negligence claim against Select. Therefore, the relief sought in Count One of the Complaint is due to be denied.

**Count Two - Negligent and/or Wanton Hiring, Supervision, and Training**

According to Stovall, Select negligently hired and trained the employees who committed the wrongful acts alleged in her Complaint, and either knew or should have known of their

incompetence. In Alabama, "implicit in the tort of negligent hiring, retention, training, and supervision is the concept that, as a consequence of the employee's incompetence, the employee committed some sort of act, wrongdoing, or tort that caused the plaintiff's injury." *Jones Express, Inc. v. Jackson*, Nos. 1070066 and 1090663, 2010 WL 3724744, at *6 (Ala. Sept. 24, 2010). Select did not act negligently in servicing Stovall's loan; since its employees did not commit any act or wrongdoing that caused injury to Stovall, Select cannot be liable for negligent hiring, supervision, or training. The relief requested in Count Two of the Complaint is due to be denied.

**Count Three - Fraud**

Rule 9(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy by Rule 7009, provides that when fraud is alleged the circumstances constituting fraud must be stated with particularity. In other words the complaint must identify the specific who, what, when and where of the alleged misrepresentations. *See Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Stovall's fraud count contains nothing more than unsupported allegations. The relief requested in Count Three of the Complaint is due to be denied.

**Count Four - Breach of Contract**

To establish a claim for breach of contract a plaintiff must show the existence of a contract, a breach of the contract, and resulting damages. *See Crestview Mem'l Funeral Home, Inc. v. Gilmer*, 79 So. 3d 585, 591 - 92 (Ala. 2011). Select asserts that the only contract between the parties is the note and mortgage under which it has no obligation to consider modifying Stovall's mortgage. Additionally, the Alabama Statute of Frauds prevents Stovall from relying on any oral representations that her loan would be modified. *Ala. Code* § 8-9-2(7); *see also Coleman v. BAC Servicing*, No. 2100453, 2012 WL 335905, at *9 (Ala. Civ. App. Feb. 3, 2012). Stovall has not

13

identified any contractual duty Select had to modify her mortgage and there is no evidence before this Court of an agreement, either written or oral, to modify the mortgage. The relief requested in Count Four of the Complaint is due to be denied.

**Count Five - Wrongful Foreclosure**

In Alabama, a claim for wrongful foreclosure may be had when the mortgagee uses a power of sale clause in a mortgage for some purpose other than securing the debt owed by the mortgagor, such as to oppress the mortgagor or to serve its own purposes. *Johnson v. Shirley*, 539 So. 2d 165, 168 (Ala. 1988). Stovall alleges wrongful conduct in the commencement and/or processing of a foreclosure on her home. According to Select's Motion it has not yet conducted a foreclosure sale and it is therefore unclear whether Stovall has sufficiently stated a cause of action. There is no evidence before the Court that the power of sale in the mortgage was used by Select for any improper purpose. The relief requested in Count Five is due to be denied.

## CONCLUSION

One paragraph in Stovall's Complaint succinctly summarizes her contentions regarding the failed modification attempt and the effect it had on her:

> The Defendant took over ten months to make a decision, causing the Plaintiff to get considerably behind on the mortgage, and after making a decision did not tell the Plaintiff of the decision before foreclosure proceedings were initiated, and after they were told of their mistakes, did not try to work with the Plaintiff to try and reasonably correct the problem. In addition, they are indicating that the amount now in arrearage is substantially more than what is actually owed.

Complaint, AP Doc. 1, ¶ 9. In other words Stovall contends Select dragged out the modification process, thus causing her to get behind on her mortgage, and once told of the problem Select would not fix it. However, it is undisputed that Stovall, an attorney, signed the note and mortgage and thus

14

was, and still is, obligated to make payments to Select. She is behind on her mortgage payments because she either could not or did not make the payments. While this Court recognizes that for Stovall, like many attorneys, other professionals, and the general working population, the times are financially challenging; yet as an attorney she understood, better than most, the need to hold or escrow mortgage payments while the proposed modification was being reviewed. Stovall has not proven, established or shown that Select has an obligation to modify the terms of her note and mortgage. That Stovall wants to remain in the house is understandable, but this Court cannot give her relief to which she is not entitled. There is no evidence before the Court that Select has acted negligently or fraudulently in this case, or has breached the contract between the parties; thus Select is entitled to summary judgment on all counts of the Complaint.

Based on these findings and conclusions, the Court finds that both Select's Motion to Strike and Motion for Summary Judgment are due to be granted.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that the Motion to Strike filed by Select is **GRANTED**. It is further **ORDERED**, **ADJUDGED** and **DECREED** that the Motion for Summary Judgment filed by Select is **GRANTED** as to all counts of the Complaint. A separate Order, consistent with this Memorandum Opinion, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, will be entered.

Dated: May 18, 2012

                                        /s/ Tamara O. Mitchell
                                        TAMARA O. MITCHELL
                                        United States Bankruptcy Judge

TOM/dgm

xc:    Charlene Stovall
       Stephen Porterfield, attorney for Select Portfolio Servicing